MICHAEL G. BARRETT et al., complainants,

· v.

BLAKESLEE CADILLAC COMPANY, defendant.

[Decided April 19th, 1923.]

Where one who was in active conduct of the business of a company agreed with the employes of that company that in addition to their regular compensation, they were to participate in the net profits of the business for the year 1919, and the manager who conducted the business died in January, 1920, and a newly-organized corporation succeeded to the business of the former company, and assumed its obligations, the employes are entitled to be paid what is due them under that agreement, but have no claim for this extra compensation since the death of the manager.

On pleadings and proofs.

Mr. George G. Tennant, for the complainants.

Messrs. Fisk & Fisk, for the defendant.

LEWIS, V. C.

This is a bill for an accounting. In the latter part of 1918 George E. Blakeslee, who was in active conduct of the business of the Crescent Automobile Company in Jersey City, made an arrangement with complainants and others, whereby, in addition to their regular compensation as employes of the company, they were to participate in the net profits for the year 1919, in accordance with a plan then submitted and agreed to. In January, 1920, Blakeslee died, and a new corporation called The Blakeslee Cadillac Company, the defendant in this suit, was organized, which succeeded to the business of the former company, and assumed its obligations. Complainants continued in the employ of the respective companies since the making of the profit-sharing agreement, and now claim to be entitled to be paid what has accrued to them under the terms of the agreement referred to. It appears that certain payments were made to complainants for their supposed percentage of the net profits for the year 1919, but they contend that they have not been paid in full. Nothing has been paid them under the profit-sharing arrangement since 1919.

It is clear that for the year 1919 complainants are entitled to be paid what is due them under the agreement. There is some evidence to the effect that the arrangement was adopted and ratified by the new company, and that those in charge after the death of Mr. Blakeslee, had arranged for its continuance.

I do not find, however, that this latter contention is sustained in a way to bind the Cadillac company.

I will, therefore, decree an accounting by the defendant to the complainants for their full share of the net profits accruing under the agreement down to the time the new managers took hold of the affairs of the company, but not beyond that period, and a reference will be ordered to take the account.

The terms of the decree will be settled upon the usual application of counsel.